**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-02685-RM-MJW

TODD BEITLER, an individual, and
REAL ESTATE INFORMATION SERVICES, INC.,
a Florida corporation,

    Plaintiffs,

v.

TERRY STRUTHERS, an individual,
ZIAD ELKURJIE, an individual,
DATASOURCE CORPORATION,
a Colorado corporation, and
DATASOURCE RE, INC., a Colorado corporation,

    Defendants.

___

**ORDER TRANSFERRING CASE**
___

    This matter is before the Court *sua sponte*. At issue is whether this action should be transferred back to the United States District Court for the Southern District of Florida from where it was transferred by the Honorable Donald M. Middlebrooks. Upon being fully advised, for the reasons stated herein, the Court finds this case should be transferred to where it was originally filed.

    I.    FACTUAL AND PROCEDURAL BACKGROUND

    On September 8, 2015, *Struthers v. Beitler*, Case No. 15-CV-31044, was filed in the District Court, County of Boulder, State of Colorado, and subsequently removed to this court by Notice of Removal filed September 30, 2015, and docketed as Case No. 15-cv-02157-MEH (the

"Colorado Action")[1] before Magistrate Judge Michael E. Hegarty.[2]  Thereafter, on September 19, 2015, *Beitler v. Struthers*, Case No. 15-81283-CIV-MIDDLEBROOKS, was filed in the United States District Court for the Southern District of Florida (the "Florida Action") before District Judge Donald M. Middlebrooks.  Both actions involve the same dispute and essentially the same issues, although the Florida Action includes two additional parties.

A motion to dismiss, transfer venue, or stay was filed in each case on the issue of which case should go forward, relying primarily on the application of the "first-to-file" presumption which favors the forum of the first-filed case and the anticipatory judgment exception to this presumption.  By Order (the "Colorado Order") dated December 10, 2015, Judge Hegarty granted a stay of that action, deciding the Florida Action should proceed.  At essentially the same time as the Colorado Order issued, Judge Middlebrooks issued[3] his "Order on Defendants' Motion to Dismiss, Motion to Transfer Venue, and Alternative Motion to Stay" (the "Florida Order")[4] (ECF No. 1), transferring the Florida Action to the District of Colorado to determine the appropriate application of the first-to-file presumption and its exception.  The Florida Action was transferred to this court as Case No. 15-cv-02685-RM-MJW, and is now pending before me.

The issuance of these two orders triggered the filing of a Motion to Vacate the Colorado Order and a Motion for Reconsideration of the Florida Order, neither of which is before me.  The parties now find themselves in this labyrinth.  The Court finds, however, the Florida Action should be returned to the Florida Court, providing some degree of disentanglement.

---

[1] In the Colorado Action, the plaintiffs are Terry Struthers and Datasource Corporation (two of the four defendants in the Florida case), while the defendants are Todd Beitler and Real Estate Information Services, Inc. (the Florida plaintiffs).

[2] The parties consented to having Judge Hegarty conduct all proceedings, including trial, and to order the entry of a final judgment in the Colorado Action.

[3] Judge Middlebrooks signed his order on December 10, 2015, but it was not docketed until the next day, December 11, 2015.

[4] The Colorado Order and Florida Order, collectively, "Orders."

## II.     ANAYLSIS: THIS ACTION MUST BE TRANSFERRED BACK TO FLORIDA

The relevant legal authorities, as applied to the facts and circumstances of this case, establish this action should be transferred back to the Southern District of Florida.  Here, the defendants in the Florida Action (the "Florida Defendants") filed a motion requesting dismissal, transfer of venue to the District of Colorado, and/or a stay of the Florida Action, relying on the pendency of the Colorado Action as the first-filed action.  The Florida Defendants' arguments in support of their motion consist of the following – the Colorado Action is the first-filed action between the parties and therefore the Florida Action should be transferred to the District of Colorado; and transfer is appropriate under 28 U.S.C. § 1404(a) as the Florida action "might have been brought" by the plaintiffs therein in the District of Colorado and the relevant factors weigh in favor of a transfer.

In the Florida Order, Judge Middlebrooks found there is a likelihood of a substantial overlap with the Colorado Action and, therefore, the District of Colorado should determine the effect of the first-filed rule and the application of the anticipatory judgment exception.  In conformity with *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599 (5th Cir. 1999), which directed the district court to transfer the case to the first-filed court upon a finding that issues might substantially overlap, Judge Middlebrooks transferred the case to the District of Colorado.  However, unbeknownst to Judge Middlebrooks, Judge Hegarty had just determined the Colorado Action should be stayed to allow the Florida Action to proceed – *in Florida*.  After an independent analysis, this Court agrees with Judge Hegarty's determination that the anticipatory judgment exception to the first-filed rule applies.  However, due to the timing of the orders, or at least the docketing of the Orders, the Florida Action was transferred before Judge Middlebrooks

3

became aware of the Colorado Order.  Under such facts and circumstances, this case should be returned to Florida.

In addition, an analysis of the requirements for a transfer under 28 U.S.C. § 1404(a) shows the Florida Defendants have not met their burden of establishing transfer is otherwise appropriate.  Although *Cadle, supra*, did not address §1404(a), the parties did so in both motions, and this Court finds that an analysis should be made.

The parties agree the transfer inquiry is two-pronged: (1) the transferee court is one in which the action "might have been brought"[5]; and (2) the court, upon balancing the relevant factors, finds that a transfer is justified.  *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007).  The burden is on the defendant seeking transfer to show there should be a change in forum.  *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).  If the Court finds the first prong has not been met, it need not consider the second prong.  *See Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (where the movant is unable to show the first requirement for a preliminary injunction is met, the court need not consider the other requirements).

The first prong is whether the Florida Action "might have been brought" in the District of Colorado.  The Florida Defendants argue the Florida Action might have been brought in the District of Colorado because, among other things, defendant Elkurjie, a California resident who allegedly conducted all activities in California, consents to venue and process in Colorado.  (ECF No. 1-36, page 10; No. 1-38.)  That, however, is not the test as "§ 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they

---

[5] In full, § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." There is no contention that all parties consented to the transfer to the District of Colorado.

4

consent to suit there." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991); *Georgacarakos v. Nalley*, 356 F. App'x 210, 212 (10th Cir. 2009) (unpublished) (Kansas District Court properly refused to transfer case to the District of Colorado, as that court had previously dismissed the very same claims for lack of personal jurisdiction over defendants). Instead, as the Supreme Court stated in *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960), "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Accordingly, the Supreme Court agreed with the Seventh Circuit that:

> 'If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where (the action) might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently (makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum).'

*Id.* at 344 (quoting *Blaski v. Hoffman*, 260 F.2d 317, 321 (7th Cir. 1958)). Accordingly, the Florida Defendants cannot establish the Florida Action "might have been brought" in the District of Colorado through the consent of defendant Elkurjie.

### III.    CONCLUSION

The Supreme Court has cautioned the transferee courts that they should not "feel entirely free to revisit transfer decisions of a coordinate court" as such revisits "threaten to send litigants into a vicious circle of litigation." *Christian v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). As the transferee court, this Court is mindful of this admonition but finds revisiting the transfer decision is appropriate under the facts and circumstances of this case. Judge Hegarty, in his Colorado Order in the first-filed case, determined the Florida Action should go forward. This

Court agrees. Judge Middlebrooks too found that the District of Colorado should decide which case should go forward. In light of these determinations, and the Florida Defendants' failure to show the requirements for a transfer under § 1404(a) have been met, it is therefore

**ORDERED** that the Clerk of the Court is directed to **TRANSFER** Case No. 15-cv-02685-RM-MJW back to the United States District Court for the Southern District of Florida from where is transferred initially to this Court.

DATED this 18th day of December, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge